IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CV-38-BO

| | |
|---|---|
| SUSAN E. OTTINGER, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | O R D E R |

This matter is before the Court on Plaintiff's Motions to Supplement the Record and Compel Production as well as cross motions for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c). Plaintiff claims her ailments are sufficiently disabling to qualify her for benefits. The Commissioner contends that the denial of benefits is supported by substantial evidence. For the reasons stated below, Plaintiff's Motions to Supplement the Record and Compel Production are DENIED, Plaintiff's Motion for Judgment on the Pleadings is DENIED, and the Commissioner's decision is AFFIRMED.

## BACKGROUND

On December 16, 2003, Plaintiff filed an application for Supplemental Social Security Income payments, alleging she had been disabled since October 1, 2003. Transcript ("T") pp. 68-71, 78. Plaintiff's application was denied initially and upon reconsideration. T pp. 42-45, 50-51. Plaintiff requested a hearing, which was held on November 8, 2005. T pp. 280-333.

On September 18, 2006, the Administrative Law Judge ("ALJ") issued a decision adverse to Plaintiff, in which he found that Plaintiff was not disabled under the Social Security Act ("the

Act") and not entitled to payments pursuant to Title XVI of the Act. T pp. 21-39. Plaintiff's request for review was denied by the Appeals Council, rendering the Commissioner's decision final. T pp. 6-9. Plaintiff timely filed this action, and this matter is now before the Court.

DISCUSSION

I.   Motion to Compel Production

Pursuant to 42 U.S.C. § 405(g), this Court may consider evidence that is not part of the administrative record to determine whether the case warrants remand. The party seeking such remand must "show that the evidence is new and material and must establish good cause for failing to present the evidence earlier." *Wilkins v. Secretary, Department of Health and Human Services*, 953 F.2d 93, 96 n.3 (4th Cir. 1991). Here, Plaintiff seeks to compel the production of the administrative record of a prior claim for disability filed by the Plaintiff in 1996 and supplement the record with it. Since the time period in question for the current application began on October 1, 2003, the previous administrative record, which made claims for an entirely different time period, is not in issue. Plaintiff has failed to provide any evidence that the previous record contained material information. The Commissioner has made clear that, despite its attempts to locate the previous record, it has been unable to do so because the file is no longer available. The previous determination was an initial decision, and, consequently, the record was less developed than the record in the instant case. Plaintiff's Motion to Compel Production is DENIED.

II.  Motion to Supplement the Record

Pursuant to 42 U.S.C. § 405(g), this Court may consider evidence that is not part of the administrative record to determine whether the case warrants remand. The party seeking such remand must "show that the evidence is new and material and must establish good cause for

-2-

failing to present the evidence earlier." *Wilkins v. Secretary, Department of Health and Human Services*, 953 F.2d 93, 96 n.3 (4th Cir. 1991). Here, Plaintiff seeks to introduce an affidavit by a family friend, John King Knope, which supports Plaintiff's account of traumatic events that occurred to her during high school, as well as a DVD statement from a person at Plaintiff's former high school. Neither the affidavit nor the DVD are material insofar as neither demonstrates Plaintiff was disabled during the relevant time period. Plaintiff has not demonstrated good cause for failing to produce these materials at an earlier time. Plaintiff's Motion to Supplement the Record is DENIED.

III. Cross Motions for Judgment on the Pleadings

The Commissioner's decision is supported by substantial evidence and is AFFIRMED. If the Commissioner's decision is supported by substantial evidence, it is conclusive.[1] Substantial evidence that evidence which a reasonable mind might accept as adequate to support a conclusion.[2] Plaintiff alleges that the ALJ (1) improperly evaluated her physicians' opinions regarding her ability to work, (2) improperly found her previous work as a newspaper inserter constituted past relevant work, (3) failed to account for all of Plaintiff's significant impairments in posing a hypothetical question to the Vocation Expert (the "VE"), and (4) incorrectly assessed Plaintiff's credibility.

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. In doing so, the ALJ determined that Plaintiff's impairments did not meet or medically equal the criteria of the applicable Listings. The ALJ determined Plaintiff could

---

[1] 42 U.S.C. § 405(g).

[2] *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

perform a range of work that exists in significant numbers in the economy. Substantial evidence supports the ALJ's determination.

The ALJ correctly evaluated the opinions provided by Plaintiff's physicians. In doing so, the ALJ observed that the opinions of Drs. Salinas and Godwin that Plaintiff's mental impairment was disabling were inconsistent with the objective medical evidence and constituted "conclusory statements on an issue ('disability') that is reserved to the Commissioner of Social Security, pursuant to 20 CFR §404.1527(e)." T pp. 35, 38. The ALJ explained that both physicians were under the "erroneous impression that the claimant had been undergoing mental health treatment longer [than] the present record substantiates and did not confirm her past treatment, if any, but rather relied upon the claimant and her mother..." *Id.* Here, the record provides that Plaintiff and her mother informed different physicians at different times that her previous psychiatric treatment lasted anywhere from 1.5 years to over 7 years. T pp. 125, 195, 230, 232, 317. The ALJ reasoned that if the physicians had been aware of or had taken into account Plaintiff's MMPI-2 profile, which indicated significantly exaggerated symptoms, as well as the inconsistent statements provided by Plaintiff and her mother, both physicians' opinions would have been different. T p. 207. Here, the record provides that Dr. Salinas was told that Plaintiff had been unresponsive, isolated and fearful of being out in public since the age of 16, but not informed that Plaintiff had regularly visited friends in Richmond, VA, had enjoyed showing horses until recently when her horse was put down, and had been married four times. T pp. 126, 303. Substantial evidence supports the ALJ's evaluation of the opinions provided by Plaintiff's physicians.

With respect to the hypothetical posed to the VE, the ALJ's hypothetical properly

incorporated all of Plaintiff's credible limitations. The ALJ incorporated a number of limitations attributable to Plaintiff's psychological impairments, such as limitation to simple tasks, a low stress setting, and only occasional conversations and interpersonal interactions. T pp. 34, 38, 327. This hypothetical adequately reflects the moderate concentrational deficit from which Plaintiff suffers. *Fisher v. Barnhart*, 2006 WL 1328700, at 5 (4th Cir. May 16, 2006). Further, the hypothetical took into account Plaintiff's inability to have constant contact with coworkers, providing that Plaintiff was precluded from more than occasional conversations or interpersonal interactions. T pp. 34, 38, 327. The record lacks supporting evidence for additional or more severe limitations. Substantial evidence supports the ALJ's hypothetical to the VE.

With respect to Plaintiff's credibility, substantial evidence supports the credibility analysis performed by the ALJ. The ALJ relied upon the entire record and made its determination regarding Plaintiff's credibility. The ALJ found that while objective medical evidence showing a medical impairment existed, Plaintiff's subjective complaints were not entirely credible in light of the entire medical record. The ALJ determined that based on multiple inconsistent statements and accounts, Plaintiff and her mother were not entirely credible. *Craig v. Chater*, 76 F.3d 585, 592 (4th Cir. 1996)(testimonial inconsistencies can undermine a claimant's subjective claims). The ALJ evaluated all record evidence and made a determination regarding Plaintiff's credibility. Substantial evidence supports the ALJ's determination.

## CONCLUSION

Plaintiff's Motions to Compel Production and Supplement the Record are DENIED.

Because substantial evidence supports the Commissioner's decision, the decision is AFFIRMED.

SO ORDERED, this __13__ day of March, 2009.

						_____
						TERRENCE W. BOYLE
						UNITED STATES DISTRICT JUDGE